# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2902WA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Western District |
| | * | of Arkansas |
| | * | |
| Ernest J. Trice, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 13, 2001
Filed:  March 28, 2001

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and MONTGOMERY,[1]
    District Judge.

_____

PER CURIAM.

Ernest J. Trice pleaded guilty to making a fraudulent statement in violation of 18
U.S.C. § 1001.  At sentencing, the District Court applied a two level sentence
enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.3 for abuse of a
position of trust.  On appeal, Trice challenges the application of the abuse of trust
enhancement.  We remand for resentencing.

_____

[1]The Hon. Ann D. Montgomery, United States District Judge for the District of
Minnesota, sitting by designation.

Trice was the President of the Board of Chaucer Street Apartments, Inc. ("CSAI"), a non-profit corporation formed to build a housing complex for handicapped individuals. Trice, on behalf of CSAI, sought federal funding from the United States Department of Housing and Urban Development ("HUD"). In obtaining this aid, Trice falsely stated on a HUD form that he had never been convicted of a felony. Trice had previously been convicted of the Arkansas Hot Check law, a felony. Trice was indicted on two counts, making a fraudulent statement and embezzlement from a federally funded program in violation of 18 U.S.C. § 666(a)(1)(A). Trice entered a plea of guilty to the fraudulent statement count and the embezzlement count was dismissed at sentencing.

The district court's application of the Sentencing Guidelines is reviewed de novo, and findings of fact are analyzed for clear error. United States v. Hawkey, 148 F.3d 920, 926 (8th Cir. 1998). The U.S. Sentencing Guidelines provide that if the "defendant abused a position of public or private trust. . . in a manner that significantly facilitated the commission or concealment of the offense," the sentence should be increased by 2 levels. U.S.S.G. § 3B1.3. "'[T]he abuse of trust enhancement applies only where the defendant has abused discretionary authority entrusted to the defendant by the victim'; arm's-length business relationships are not available for the application of this enhancement." United States v. Garrison, 133 F.3d 831, 837 (11th Cir. 1998) (quoting United States v. Jolly, 102 F.3d 46, 48 (2d Cir. 1996)).

Here, the victim of Trice's offense, making a fraudulent statement, was the United States. Because Trice was not in a position of trust vis-a-vis the United States, it was error to apply the enhancement. See id. Moreover, the relationship between Trice and the United States was nothing more than an "arm's length business relationship." See id. Accordingly, we remand the case for resentencing.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.